IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ALEJANDRO RODRIGUEZ,[1] Petitioner, | ) ) ) ) | |
| v. | ) ) | 07 C 3259 |
| NEDRA CHANDLER, Warden, Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER**

Pro se petitioner Alejandro Rodriguez has filed a petition seeking relief pursuant to 28 U.S.C. § 2254. The respondent contends that the petition is untimely and has filed a motion to dismiss. For the following reasons, the motion is granted.

**Background**

*Direct proceedings:* This case arises out of the March 26, 2005, fatal shooting of Horatio "Lacho" Gonzalez. Following a bench trial in the Circuit Court of Cook County, Mr. Rodriguez was convicted of first degree murder and sentenced to 30 years' imprisonment. *See People v. Rodriguez*, No. 1-97-4586 (1st Dist. Mar. 29, 2000) (unpublished order). On March 29, 2000, that judgment was affirmed on appeal. *Id*. The Illinois Supreme Court denied Mr. Rodriguez's petition for leave to appeal ("PLA") on October 4, 2000. *See People v. Rodriguez*, No. 89530, 738 N.E.2d 934 (Ill. 2000) (table).

---

[1] The petitioner identifies himself as Alejandro Rodriguez in the caption of his habeas petition, and the state court decisions refer to him interchangeably as Alex Rodriguez and Alejandro Rodriguez. Mr. Rodriguez's inmate number is K60124, which corresponds to Serafin Rodriguez. The case numbers for the state criminal proceedings are consistent between Alex/Alejandro and Serafin Rodriguez, and Mr. Rodriguez signed his petition using the name Serafin Rodriguez so it is clear that Alex, Alejandro, and Serafin Rodriguez all refer to the same person.

*State post-conviction proceedings:* On April 24, 2001, Mr. Rodriguez filed a pro se post-conviction petition which was amended by counsel on February 19, 2003. *See People v. Rodriguez*, No. 1-04-3536 (1st Dist. Dec. 29, 2006) (unpublished order). This petition was dismissed as untimely. *See id*. at 3. The Illinois Appellate Court affirmed, holding that Mr. Rodriguez's "failure to comply with the applicable statute of limitations warranted dismissal of his petition without consideration of its merits." *Id*. at 6-7, 11. On March 28, 2007, the Illinois Supreme Court denied Mr. Rodriguez's PLA. *See People v. Rodriguez*, No. 104145, 865 N.E.2d 975 (Ill. 2007) (table).

*Federal Habeas Petition:*

Mr. Rodriguez signed his habeas petition on June 4, 2007, as reflected on the notary public seals on page 12 of the petition and the proof of service. The docket shows that the clerk received the petition on June 8, 2007. The respondent states that Mr. Rodriguez signed his petition on May 9, 2007, but the basis for this assertion is unclear.

## Discussion

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from this calculation. *See* 28 U.S.C. §2244(d)(2).

Mr. Rodriguez did not file a petition for a writ of certiorari. Thus, his conviction became final on January 2, 2001, ninety days after the Illinois Supreme Court's October 4, 2000, denial of his PLA. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000) (for a direct appeal where the petitioner does not seek a writ of certiorari from the United States Supreme Court, the statute of limitations begins to run upon the expiration of the time allotted for filing such a petition). Therefore, Mr. Rodriguez's habeas petition was due by January 2, 2002, at the latest, barring the submission of a "properly filed" application for state post-conviction relief. *See* 28 U.S.C. §2244(d)(1) & (2).

Here, Mr. Rodriguez filed his state post conviction petition on April 24, 2001, and pursued state appeals that ended on March 28, 2007. Thus, if his state post conviction petition was "properly filed" as that phrase is used in § 2244(d)(2), his present federal habeas is timely, but if it was not "properly filed" it cannot serve to toll the one year limitations period. *See Pace v. Di Guglielino*, 544 U.S. 408, 417 (2005) (an application for collateral review is "properly filed" if it satisfies the state's timeliness requirements).

The trial court found that this petition was untimely, and the Illinois Appellate Court affirmed. *See People v. Rodriguez*, No. 1-04-3536, at 3-7 (Mr. Rodriguez's "failure to comply with the applicable statute of limitations warrants dismissal of his petition without consideration of the merits"). The Illinois Appellate Court then nevertheless reached the merits in the alternative and ruled against Mr. Rodriguez. *See id.* at 7-11. As noted above, the Illinois Supreme Court denied Mr. Rodriguez's PLA on March 28, 2007.

Both the United States Supreme Court and the Seventh Circuit have considered whether a state court decision that clearly rejects a petition based on a procedural ground but then goes on

to address the merits in the alternative is "properly filed." *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002); *Brooks v. Walls*, 301 F.3d 839, 843 (7th Cir. 2002). These cases hold that "a clear ruling from the state court that a filing was untimely" is "the end of the matter, even if the court also addressed the merits of the claim or if its timeliness ruling was entangled with the merits." *Gray v. Briley*, 305 F.3d at 779 (internal citations and quotations omitted); *see also Brooks v. Walls*, 301 F.3d at 843 ("both aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits . . . .").

Pursuant to these cases, the state court's clear finding that Mr. Rodriguez's petition was late thus means that the petition was not "properly filed" even though the state court also addressed the merits. This court is bound to respect the state trial and appellate court rulings finding that Mr. Rodriguez's state post conviction petition was untimely. This means that Mr. Rodriguez's state post conviction petition did not toll the time to appeal and thus must be dismissed as untimely.

## Conclusion

For the reasons set forth above, the respondent's motion to dismiss [#12] is granted and Mr. Rodriguez's petition is dismissed as untimely. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE: November 26, 2007

*Blanche M. Manning*
Blanche M. Manning
United States District Judge